145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larisa FROLOVA; Dmitro V. Frolova, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70760.
INS Nos. Ahd-bqc-zle, Atk-vui-vvx.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larisa Frolova and her son, Dmitro Frolova, natives and citizens of the Ukraine, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") denial of their application for asylum and withholding of deportation.[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[2] and we deny the petition for review.
 
 
 3
 Because the BIA incorporated the IJ's reasoning, we treat the IJ's denial of asylum and withholding of deportation as the BIA's and review the IJ's decision. See Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996). We review for substantial evidence the IJ's findings regarding statutory eligibility, and we will not reverse unless the evidence compels a contrary result. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 4
 Frolova contends that she established past persecution or a well-founded fear of future persecution on account of religion and nationality. We disagree.
 
 
 5
 Frolova failed to show that the harassment and detention she suffered in the past would compel a finding of persecution under the statute. See id.; Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995).
 
 
 6
 Although Frolova may have a subjective fear of persecution, there is substantial evidence in the record to support the IJ's conclusion that she has failed to demonstrate that her fear is objectively reasonable. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 7
 Because Frolova failed to demonstrate eligibility for asylum, she necessarily failed to satisfy the higher standard required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Dmitro's petition is derivative of Larisa's, we only address Larisa's petition
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)